IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-50-FL

| | |
|---|---|
| DOLOR TECHNOLOGIES, LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>SURGPRO, LLC,<br><br>                Defendant. | ORDER |

This matter comes now before the court on the Parties' Joint Motion for Entry of a Consent Preliminary Injunction. The Court, having reviewed the Motion and having considered the consent of the parties, hereby finds and concludes, in the exercise of its discretion, that the Joint Motion for Entry of a Consent Preliminary Injunction should be and hereby is ALLOWED.

IT IS ORDERED, ADJUDGED, AND DECREED that during the pendency of this litigation:

    1.    Defendant, its officers, agents, employees, and all other persons who are in active concert with Defendant in the sale or marketing of SphenoCath Devices, are hereby enjoined from any sale, marketing, or advertising of SphenoCath Devices;

    2.    Defendant, its officers, agents, employees, and all other persons who are in active concert with Defendant in the sale or marketing of SphenoCath Devices, are hereby enjoined from any use in commerce of the SphenoCath marks;

    3.    Defendant, its officers, agents, employees, and all other persons who are in active concert with Defendant in the sale or marketing of SphenoCath Devices, are ordered to remove all references to the SphenoCath Device, including all use of the SphenoCath marks, in

promotional or sales material and in all websites associated with or controlled by Defendant, its officers, agents, employees, and all other persons who are in active concert with Defendant;

4. Within ten (10) days of the service of this Order on Defendant, Defendant, its officers, agents, employees, and all other persons who are in active concert with Defendant in the sale or marketing of SphenoCath Devices shall return to Plaintiff all SphenoCath Devices and all SphenoCath promotional or marketing material in their possession, custody or control.

5. Within ten (10) days of the service of this Order on Defendant, Defendant shall certify in writing to Plaintiff that it is in compliance with the requirements of Paragraphs 1-4 of this Order.

6. Within ten (10) days of the service of this Order on Defendant, Defendant's officers, agents, employees, and all other persons who are in active concert with Defendant in the sale or marketing of SphenoCath Devices shall certify in writing to Plaintiff that he or she is in compliance with the requirements of Paragraphs 1-4 of this Order.

7. Within five (5) days of the service of this Order on Defendant, Defendant shall, by hand-delivery or by US Mail return receipt requested, serve a copy of this Order on all of Defendant's officers, agents, employees, and all other persons who are in active concert with Defendant in the sale or marketing of SphenoCath Devices. Defendant shall thereafter promptly certify in writing to Plaintiff that such service has been accomplished and shall list the name and address of each individual so served with this Order.

8. By entry of this Order, the Court renders no opinion regarding the merits of Plaintiff's allegations or the merits of any of Defendant's defenses thereto, reserving those issues for future adjudication. Defendant's consent to this Order shall not be deemed to be an admission of liability to Plaintiff, nor shall it constitute a waiver of Defendant's right to assert

that it is entitled to payment from the Plaintiff for the SphenoCath Devices returned pursuant to paragraph 4 above.

SO ORDERED, this the 19th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge