IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-50-FL

| | |
|---|---|
| DOLOR TECHNOLOGIES, LLC,<br><br>         Plaintiff,<br><br>vs.<br><br>SURGPRO, LLC,<br><br>         Defendant. | <u>ORDER</u> |

This matter comes now before the court on the Parties' Joint Motion for Entry of a Consent Permanent Injunction. The Court, having reviewed the Motion and having considered the consent of the parties, hereby finds and concludes, in the exercise of its discretion, that the Joint Motion for Entry of a Consent Permanent Injunction should be and hereby is ALLOWED.

IT IS ORDERED, ADJUDGED, AND DECREED that:

1. Defendant, its officers, agents, employees, and all other persons who are in active concert with Defendant in the sale or marketing of SphenoCath Devices, are hereby permanently enjoined from the sale, marketing, and advertising of SphenoCath Devices, as that term is defined in the Complaint filed in this action;

2. Defendant, its officers, agents, employees, and all other persons who are in active concert with Defendant in the sale or marketing of SphenoCath Devices, are hereby permanently enjoined from any use in commerce of the SphenoCath marks, as that term is defined in the Complaint filed in this action;

3. Defendant, its officers, agents, employees are hereby permanently enjoined from use in commerce of any promotional literature, marketing or advertising material, or other

written material of Plaintiff (including any such materials on Plaintiff's website) regarding the SphenoCath Device.

4. Defendant, its officers, agents, employees, and all other persons who are in active concert with Defendant in the sale or marketing of SphenoCath Devices, are ordered to remove all references to the SphenoCath Device, including all use of the SphenoCath marks, in promotional or sales material and in all websites associated with or controlled by Defendant, its officers, agents, employees, and all other persons who are in active concert with Defendant;

5. Within ten (10) days of the entry of this Order, Defendant shall certify in writing to Plaintiff that it is in compliance with the requirements of Paragraphs 1-4 of this Order.

6. Within ten (10) days of the entry of this Order, Defendant's officers, agents, employees, and all other persons who are in active concert with Defendant in the sale or marketing of SphenoCath Devices shall certify in writing to Plaintiff that he or she is in compliance with the requirements of Paragraphs 1-4 of this Order.

7. Within three (3) days of the entry of this Order, Defendant shall, by hand-delivery or by US Mail return receipt requested, serve a copy of this Order on all of Defendant's officers, agents, employees, and all other persons who are in active concert with Defendant in the sale or marketing of SphenoCath Devices. Defendant shall thereafter promptly certify in writing to Plaintiff that such service has been accomplished and shall list the name and address of each individual so served with this Order.

8. This Order does not prohibit Defendant from selling or marketing medicinal catheter devices other than the SphenoCath device sold and marketed by Plaintiff.

9. As the terms of this injunction are permanent, this Court shall retain jurisdiction of this matter to the extent necessary to enforce compliance with the terms of this Order.

10. By entry of this Order, the Court renders no opinion regarding the merits of Plaintiff's allegations or the merits of any of Defendant's defenses thereto.

SO ORDERED, this the 22nd day of September, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge